**PINNOCK & WAKEFIELD**
A Professional Corporation
David C. Wakefield, Esq.     Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: 619.858.3671
Facsimile: 619.858.3646
DavidWakefield@PinnockWakefieldLaw.com

Attorneys for Plaintiffs

*FILED*

JUN – 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT McCARTHY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICAN HOTELS, INC., d.b.a. MAPLE TREE INN; MAPLE TREE INVESTORS, a California Limited Partnership; AND DOES 1 THROUGH 10, Inclusive,**<br>**Defendants.** | **Case No.:**<br><br>**COMPLAINT**<br><br>C 07 2902 HRL<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>[42 U.S.C. 12182(a) ET. SEQ; CA CIVIL CODE 51, 52, 54, 54.1, 54.3]<br><br>**DEMAND FOR JURY TRIAL**<br>[F.R.Civ.P. rule 38(b)] |

## INTRODUCTION

1.     Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Northern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the

1

executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## INTRADISTRICT ASSIGNMENT

2.      Pursuant to Local Rule 3-2, this action should be assigned to the San Jose Division as the property that is the subject of this action is situated in Santa Clara County.

## JURISDICTION AND VENUE

3.      The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Northern District of California.

## SUPPLEMENTAL JURISDICTION

4.      The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, Plaintiff ROBERT McCARTHY was injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding.

2

COMPLAINT
CASE #

## NAMED DEFENDANTS AND NAMED PLAINTIFF

5.      Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant AMERICAN HOTELS, INC., d.b.a. MAPLE TREE INN is located at 711 East El Camino Real, Sunnyvale, California, 94087-2919. Plaintiffs are informed and believe and thereon allege that Defendant AMERICAN HOTELS, INC., is the owner, operator, and/or franchiser or the MAPLE TREE INN and is located at 22660 Main Street, Hayward, California, 94541. Plaintiff is further informed and believes and thereon alleges that Defendant MAPLE TREE INVESTORS, a California Limited Partnership, is the owner, operator, and/or lessor of the real property located at 711 East El Camino Real, Sunnyvale, California, 94087, Assessor Parcel Number 211-10-031. Defendant MAPLE TREE INVESTORS, A California Limited Partnership, is located at 2596 Bay Road, Redwood City, California, 94063.

6.      The words Plaintiffs and Plaintiff as used herein specifically include ROBERT McCARTHY.

7.      Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of AMERICAN HOTELS, INC., d.b.a. MAPLE TREE INN and/or MAPLE TREE INVESTORS, a California Limited Partnership. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

3

COMPLAINT
CASE #

## CONCISE SET OF FACTS

9.     Plaintiff ROBERT McCARTHY  (hereinafter "MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for mobility. Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to:  walking.

10.     In year 2007,  Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as AMERICAN HOTELS, INC., d.b.a. MAPLE TREE INN (hereinafter "MAPLE TREE INN"),  located at 711 East El Camino Real, Sunnyvale, California, 94087-2919, Assessor Parcel Number 211-10-031, with his friend Dean Scott, to utilize their goods and/or services with his friend, Dean Scott.  When Plaintiff MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, lobby entrance, guestroom, guestroom entrance door, guestroom bathroom, guestroom storage and closet, guestroom desk, guestroom operable controls, guestroom interior path of travel, and pool facilities including but not limited to the facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as the MAPLE TREE INN.

11.     Plaintiff MCCARTHY personally experienced difficulty with said access barriers at the MAPLE TREE INN.  The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, there fails to be the required disability signage at the parking lot entrances to the MAPLE TREE INN informing patrons they may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space.  There is a parking lot for the MAPLE TREE INN surrounding the entire building, in which there are approximately one hundred fifty (150) parking spaces.  There are two (2) existing designated disabled parking spaces in the front of the MAPLE TREE INN.  Both of these designated disabled

4

parking spaces are inaccessible, as both have disability signage that is extremely low and difficult to see and a curb ramp impermissibly encroaches into the shared access aisle of the two (2) designated disabled parking spaces. Plaintiff MCCARTHY was driving a rental van in which there is a motorized access ramp that deploys to allow Plaintiff MCCARTHY to enter and exit the van. The encroaching curb ramp interfered with the safe operation of this deployable access ramp, which does require a flat and level surface to properly and safely deploy. In the rear of the building of the MAPLE TREE INN, Plaintiff MCCARTHY located an additional designated disabled parking space that also fails to be accessible. The disability signage for this designated disabled parking space is also mounted too low and is not readily visible. Also, the access aisle for this designated disabled parking space also is impermissibly located on the drivers' side of the vehicle. This designated disabled parking space is located in a row of parking spaces and is located the farthest from the building and the curb ramp accessing the building. Therefore, there fails to be a designated safe and accessible exterior path of travel leading from the designated disabled parking space to the building entrance, as a member of the disability community who uses a wheelchair for mobility is forced to maneuver behind parked vehicles other than his own to access the curb ramp near the building. There fails to be an adequate number of designated disabled parking spaces at the MAPLE TREE INN. If there are between one hundred one (101) and one hundred fifty (150) parking spaces in a parking lot, there should be a minimum of five (5) designated disabled parking spaces, one (1) of which must be a "Van Accessible" disabled parking space. Also, the parking lot facilities at the MAPLE TREE INN fail to have any of the required "Van Accessible" disabled parking as "Van Accessible" disabled parking spaces may not share an access aisle and a proper access aisle is to be located on the passenger side of a vehicle.

12.     The lobby entrance door fails to be accessible, as there is a low kick stop on the push side of the lobby entrance door. Therefore, on the push side of the lobby entrance door, there fails to be the required smooth and uninterrupted surface on the bottom ten inches (10") of the door that allows the door to be opened by a wheelchair footrest without creating a hazard.

13.     The MAPLE TREE INN has one hundred seventy-seven (177) guestrooms, of which

5

Plaintiff MCCARTHY was informed, four (4) are designated accessible guestrooms, all without a roll-in shower. Instead, these four (4) guestrooms have a bathtub-shower combination in the guestroom bathroom. This is an inadequate number of designated accessible guestrooms at the MAPLE TREE INN. If a hotel has between one hundred fifty one (151) to two hundred (200) guestrooms, the hotel must have six (6) fully accessible guestrooms, and an additional two (2) designated accessible guestrooms with roll-in shower facilities. Plaintiff MCCARTHY specifically requested an accessible guestroom with a roll-in shower that would have served him the best in his current situation. Plaintiff MCCARTHY was given Guestroom 155, a guestroom he was told was accessible. However, Guestroom 155 is a completely inaccessible guestroom.

14.    The night security latch on the entrance door to Guestroom 155 is inaccessible, as the night latch is mounted fifty-five and one-half inches (55 ½") high. The guestroom bathroom within Guestroom 155 is completely inaccessible. Due to Plaintiff MCCARTHY's circumstances, he wished to shower immediately and clean up. When he entered into the guestroom bathroom of Guestroom 155, he discovered the existing bathtub-shower combination fails to have any of the required grab bars in the tub and shower enclosure and also fails to have the required permanent bench seat. There was an existing portable shower seat, which proved to be extremely unstable. This portable shower seat also was unacceptable and inaccessible, as it requires a disabled guest to transfer over an open span of approximately sixteen inches (16") between the wheelchair and the portable set, without the benefit of a single grab bar. Plaintiff MCCARTHY was completely unable to transfer himself from his wheelchair over this span of sixteen inches (16") due to the lack of grab rails and his weakened arms and shoulder due to his disability. The required hand held sprayer unit is completely inaccessible and non-reachable. The top of the mounting bracket for the hand held shower spray unit is mounted sixty-eight and one-half inches (68 ½") high. The faucet control for the bathtub was mounted extremely far from the edge of the bathtub, which required Plaintiff MCCARTHY to lean forward and to the side at an awkward and unsafe angle to operate the controls. To use the shower, a hotel patron must pull a small activator stem, located behind the faucet control lever. As Plaintiff MCCARTHY was completely unable to use either the bathtub

COMPLAINT
CASE #

to even allow an approach to the curtain rods, as there is a mere thirteen inches (13") of clear floor space width between the bed and the environmental control unit. Within Guestroom 155, there fails to be an accessible interior path of travel too allow either an approach or a transfer to the two (2) beds within the guestroom. Between the two (2) beds, there is a mere twenty-seven inches (27") of width and between the bed and the far wall, there is a mere twenty-two inches (22") of clear width. As a result, Plaintiff MCCARTHY was completely precluded from independently accessing and transferring to either of the two (2) beds within the guestroom due to the inaccessible interior path of travel within the guestroom. Due to the fact that Plaintiff MCCARTHY was precluded from independently accessing the bathtub-shower facilities in Guestroom 155 and independently accessing either of the two (2) beds within Guestroom 155, Plaintiff MCCARTHY and his friend, Mr. Scott, were placed in the position where Mr. Scott had to assist Plaintiff MCCARTHY not only onto one (1) of the beds, but also had to assist Plaintiff MCCARTHY to clean up. This was critical to Plaintiff MCCARTHY to change his clothing and clean up to prevent his skin from breaking down. Plaintiff MCCARTHY was mortified and humiliated by having to be assisted by Mr. Scott. Plaintiff MCCARTHY had requested an accessible guestroom with a roll-in shower and was given, instead, a completely inaccessible guestroom with no accessible commode or shower/bathing facilities.

17.     In addition to the above inaccessible features of the MAPLE TREE INN, Plaintiff MCCARTY wished to use the pool facilities at the hotel. Plaintiff MCCARTHY was precluded from using the pool facilities, as the pool fails to have the required assistive lifting device that assists disabled patrons into and out of the pool.

18.     Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual

8

controls or the shower controls, he was completely precluded from using the bathtub/shower facilities within Guestroom 155.

15.     Also within the guestroom bathroom of Guestroom 155, the commode fails to be accessible. The commode is nineteen and one-half inches (19 ½") from the side wall and has an unstable, ventilated commode seat that actually moved as it appeared to not be properly secured.  As a result, Plaintiff MCCARTHY was unable to transfer from his wheelchair onto the commode seat. Additionally, the flush valve is mounted on the far side of the commode tank.  When Plaintiff MCCARTHY threw a used tissue into the commode, how found he was unable to reach the flush valve to even flush the commode due to the location of the flush valve.  Plaintiff MCCARTHY was precluded from using the commode in any manner.  Additionally, Plaintiff MCCARTHY was precluded from accessing any of the towels and facial washcloths, as said towels and facial washcloths are stored on a rack above the rear wall of the commode.  There fails to be either a forward or a side approach to the towel rack that is mounted at an excessive sixty-eight inches (68") above the finished floor.  The in-room hair dryer also is inaccessible, as the operable controls to release the hair dryer are mounted fifty-four and one-half inches (54 ½") high.  The operable controls for the heating lamp also fail to be accessible, as said controls require tight grasping and/or twisting of the wrist to operate.  Additionally, the clothes hook on the interior side of the guestroom bathroom door fails to be accessible, as it is mounted sixty-eight inches (68") above the finished floor.

16.     Within Guestroom 155, the only hanging rod on which clothes may hang is inaccessible, as the clothing rod is fifty-nine inches (59") high and totally unreachable by Plaintiff MCCARTHY. The desk within Guestroom 155 also fails to be accessible, as the knee clearance for the desk is only twenty-six and one-quarter inch (26 ¼") high.  Plaintiff MCCARTHY was precluded from reaching the ice bucket, as it is stored too high.  The operable controls for the desk lamp fail to be accessible, as the operable controls require tight grasping and/or twisting of the wrist to operate. The white vertical curtain opening and closing rods are too high to be accessible, as the bottom of said rods are fifty-five inches (55") high.  Additionally, there fails to be sufficient clear floor space

COMPLAINT
CASE #

knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

19.     Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to their knowledge of the barriers to access that exist at Defendants' facilities.

20.     Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

21.     Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and other persons with disabilities, potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

22.     Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities. Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

9

## NOTICE

23.     Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

## WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT

24.     AMERICAN HOTELS, INC., d.b.a. MAPLE TREE INN; MAPLE TREE INVESTORS, a California Limited Partnership; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

25.     Plaintiff aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

26.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access to Defendants' existing facilities.

27.     Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff MCCARTHY said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff

10

MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

28.    Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

29.    Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

30.    Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a).  Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

31.    Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

11

COMPLAINT
CASE #

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

32.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff

ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities,

privileges, advantages, or accommodations within a public accommodation owned, leased, and/or

operated by Defendants.  Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).

Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in

nature exist within the physical elements of Defendants' facilities in violation of Americans With

Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter

"ADAAG") and Title 24 of the California Building Code.  Title III requires places of public

accommodation to remove architectural barriers that are structural in nature to existing facilities.

[See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate

treatment against a person who has a known association with a person with a disability are forms of

discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff ROBERT

McCARTHY was subjected to discrimination in violation of 42 United States Code

12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants'

existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And**

**Procedures**

33.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Defendants

failed and refused to provide a reasonable alternative by modifying its practices, policies and

procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others

similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. §

12188(a).  Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of

42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT

McCARTHY was denied equal access to Defendants' existing facilities.

COMPLAINT
CASE #

34.     Based on the facts plead at ¶¶ 9 - 22 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

35.     WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

36.     Based on the facts plead at ¶¶ 9 - 22 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.

37.     These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

13

COMPLAINT
CASE #

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

38.    Based on the facts plead at ¶¶ 9 - 22 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

39.    Based on the facts plead at ¶¶ 9 - 22 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

40.    Based on the facts plead at ¶¶ 9 - 22 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

41.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.


**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

42.    Defendants, each of them respectively, at times prior to and including, the month of

COMPLAINT
CASE #

February, 2007, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

43.    Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

44.    Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the

COMPLAINT
CASE #

public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

45.     Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a).  Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities including without limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California Building Code

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil Procedure §§ 1032 and 1033.5, and Cal. Civil Code § 52;

F.     For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G.     A Jury Trial and;

H.     For such other further relief as the court deems proper.

Respectfully submitted:

PINNOCK & WAKEFIELD, A.P.C.

Dated: June 1, 2007

By: _David C. Wakefield_
         DAVID C. WAKEFIELD, ESQ.
         Attorneys for Plaintiffs

16